**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT NELSON CLIFTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1353-M |
| | ) | |
| **THOMAS H. ALFORD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted as required, and based on that review it is recommended that the complaint be dismissed on filing.[1]

**I. BACKGROUND**

In a three-count complaint, Plaintiff names fifteen Defendants: Larry Moore, District Attorney, Muskogee County; the State of Oklahoma; District Judge Thomas H. Alford; Assistant District Attorney Nicki Baker; Oklahoma Department of Human Services (DHS);

---

[1] In an order entered November 16, 2011, Plaintiff was advised that the undersigned's preliminary review of the Complaint appeared to show that Plaintiff's civil rights claims were subject to dismissal as premature under Heck v. Humphrey, 512 U.S. 477 (1994), and that his request that his state court convictions be reversed would be properly brought as a habeas corpus action under 28 U.S.C. § 2254, after he exhausted his state court remedies.

Dr. Jo Ellen Beard; Dr. Cindy Durr; DHS employee Jerry Clayton; DHS employee Rocky Daniels; Muskogee County; Muskogee County Sheriff's Department; Muskogee County sheriff's deputy Colleta Peyton; Cherokee County Sheriff's Department; Cherokee County; and the City of Tahlequah.

Although framed as a civil rights action under § 1983, Plaintiff's claims actually appear to attack his conviction by a jury on four counts of first degree rape. Case No. CF-2009-758, District Court of Muskogee County (Nov. 8, 2010); Complaint, [Doc. No. 1, p. 3].[2] It appears that Plaintiff was sentenced to 45 years imprisonment on each count, with the first three counts to be served concurrently and the fourth count to be served consecutively to counts one, two and three.[3] Plaintiff specifically states that his criminal convictions are currently on direct appeal. Case No. F-2010-1080, Oklahoma Court of Criminal Appeals. Complaint, [Doc. No. 1, p. 7]. Indeed, a review of the state court's electronic docket reveals that the case is still awaiting decision by the Oklahoma Court of Criminal Appeals. Oklahoma State Courts Network, F-2010-1080, Oklahoma Court of Criminal Appeals.[4]

In his complaint, Plaintiff alleges (1) witness tampering and intimidation by Judge Alford and the district attorney ; (2) jury tampering and the district judge's failure to give an alibi jury instruction; and (3) that witness and jury tampering, withholding of evidence,

---

[2]Because Plaintiff has inserted some pages into the form complaint, citation to pages of the Complaint will instead be by reference to the Court's electronic docketing system numbers.

[3]On Demand Court Records, Doc. No. CF-2009-758, District Court of Muskogee County, <http://www1.odcr.com/detail.php?Case=051-CF%20%200900758&County=051-> (accessed Jan. 9, 2012).

[4]<http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=F-2010-1080&db=Appellate&submitted=true> (accessed Jan. 9, 2012).

failing to properly instruct the jury, and not appointing or paying for needed expert witnesses deprived him of a fair trial.  Complaint, [Doc. No. 1, p. 5-7].

## II.   INITIAL SCREENING STANDARD

In any action filed by a person proceeding in forma pauperis, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint." Carson v. Tulsa Police Dep't, No.  07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008) (quotation and alteration omitted) (applying plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).[5]

In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's

---

[5]This and any other unpublished decision is cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Tarabishi v. McAlester Regional Hosp., 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage "). For the reasons discussed below, the undersigned finds that Plaintiff has not stated a claim under § 1983. Furthermore, venue appears to be improper in the United States District Court for the Western District of Oklahoma. Accordingly, Plaintiff's action should be dismissed without prejudice because he has named Defendants who are either immune or not amenable to suit, has named Defendants against whom he makes no allegations, and has alleged acts which occurred and were allegedly committed by Defendants who are located in the Eastern District of Oklahoma. To the extent venue is improper, the interest of justice does not require transfer to the Eastern District.

### A. PLAINTIFF SEEKS HABEAS RELIEF ON UNEXHAUSTED CLAIMS

Although Plaintiff's action is brought under § 1983, his claims essentially allege that actions of the various Defendants combined to result in his unlawful convictions. Indeed, some of the relief Plaintiff seeks – reversal of his convictions and release from custody – is only available in a federal habeas action. This problem could be avoided by recasting the

4

pleading as a § 2254 petition, but Plaintiff concedes that his direct appeal is still pending. See Miller v. Glanz, No. 09-5005, 331 Fed.Appx. 608, 610-611 (10th Cir. June 22, 2009), cert. denied 130 S. Ct. 2403 (2010). Title 28 U.S.C. § 2254(b)(1) requires exhaustion of state court remedies before a petition for federal habeas relief can be brought. A petitioner may satisfy the exhaustion requirement by showing that a state appellate court has had the opportunity to rule on the same claim(s) presented in federal court, or that at the time he filed his federal petition there was no available state avenue of redress. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). Plaintiff cannot do so here based on his own allegations. Even if his claims were exhausted, recasting the complaint as a § 2254 petition could present a successiveness problem for any later habeas petition he may wish to pursue. Id.

### B.  PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1983

#### 1.  This Action Is Premature under Heck

In his request for relief, Plaintiff asks the Court for "reversal of verdict and sentencing." Complaint, [Doc. No. 1, p. 9]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed the distinction between habeas corpus petitions and § 1983 actions. The Court held that an action brought pursuant to § 1983 is not cognizable if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.

To prevail on a claim for harm caused by actions that would in effect render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Heck, 512 U.S. at 486-87; see also

5

Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). "The purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing Muhammad v. Close, 540 U.S. 749, 751-52 (2004)). A favorable judgment on the civil rights claims raised in this action would certainly imply the invalidity of Plaintiff's convictions. Accordingly, Plaintiff's complaint is premature and should be dismissed for failure to state a claim under § 1983.

**2. Plaintiff Makes Claims Against Defendants Who Are Either Immune from or Not Amenable to Suit.**

Even if Heck did not apply, many of the Defendants named in the complaint are either immune from suit for monetary damages or are otherwise not amenable to suit under § 1983. For example, Plaintiff names as a Defendant the judge who presided over his trial. Established Federal law makes it clear that judges enjoy absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judicial immunity is overcome in only two circumstances. First, a judge has no immunity for actions not taken in his judicial capacity. Id. Second, a judge is not immune for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. Id. Plaintiff's allegations do not implicate either exception. See Complaint, [Doc. 1, p. 5-6, 8].

Plaintiff also makes allegations against Muskogee County District Attorney Larry Moore and Assistant District Attorney Nicki Baker. Plaintiff alleges that Defendant Moore had a witness that had been subpoenaed by his attorney arrested on outstanding warrants from

6

Cherokee County, precluding her from testifying, that Defendant Baker amended the information to add two additional counts of rape, and that both Moore and Baker allowed "tainted" testimony and highly prejudicial witnesses and introduced evidence of prior bad acts. Complaint, [Doc. 1, p. 3, 4, 5, 8]. However, it is well-recognized that prosecutors enjoy absolute immunity for activities "intimately associated" with the initiation of a prosecution and the presentation of the government's case. See Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (reaffirming rule that "the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate") (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (finding "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity[]"); see also Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994); DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993). Plaintiff's allegations against Defendants Moore and Baker are based solely on their actions in the course of initiating and prosecuting the criminal case against him. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (a state prosecutor is immune from a civil suit for damages under 42 U.S.C. § 1983 in initiating a prosecution and presenting state's case).

Plaintiff has also named the State of Oklahoma as a Defendant. However, absent a specific waiver of immunity or express abrogation of the State's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested. Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit

in federal court, Okla. Stat. tit. 51, § 152.1, and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989).  Eleventh Amendment immunity also extends to suits against a state agency. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Accordingly, this Court has no jurisdiction over Plaintiff's claims for monetary and equitable relief against the State of Oklahoma, the Oklahoma Department of Human Services, or any of the DHS employees who are sued in their official capacity.

Finally, although Plaintiff lists the following as Defendants, he makes no allegations against them in the Complaint: Oklahoma Department of Human Services (DHS); Dr. Jo Ellen Beard; Dr. Cindy Durr; DHS employee Jerry Clayton; DHS employee Rocky Daniels; Muskogee County; Muskogee County Sheriff's Department; Muskogee County Sheriff's deputy Colleta Payton; Cherokee County; Cherokee County Sheriff's Department, and the City of Tahlequah. Therefore, Plaintiff has not stated a claim upon which relief may be granted with respect to these Defendants.

### C.  VENUE IS NOT PROPER

Finally, it appears that venue is not proper in the United States District Court for the Western District of Oklahoma. The court has the authority to raise the issue of defective venue on its own motion. Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996). However, Plaintiff must be given an opportunity to present his views on this issue where the court raises venue sua sponte. Stjernholm, 83 F.3d at 349. In this regard, it is noted that the Plaintiff has an opportunity to be heard on the venue issue by timely filing an objection to the Report and Recommendation. See Smith v. Dorsey, No. 93-2229, 1994 WL 396069, at

*3 (10th Cir. July 29, 1994) (noting there is no due process issue when the court raises procedural bar sua sponte as petitioner has an opportunity to address the matter by objecting to the magistrate judge's report and recommendation prior to the district judge adopting it).

Under the general venue statute, which governs cases brought under 42 U.S.C. § 1983, an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b). In this case there is nothing which supports an inference that any of the Defendants amenable to suit reside in the Western District of Oklahoma. As noted above, the Plaintiff has named entities located in Muskogee and Cherokee County, which are both located in the Eastern District of Oklahoma. Although he makes no allegations against employees of the Department of Human Services, the only facts alleged pertain to events which occurred in connection with Plaintiff's trial in Muskogee County. Thus, all of the DHS Defendants presumably reside in the Eastern District. See Pierce v. Coughlin, 806 F.Supp. 426, 427 (S.D.N.Y. 1992) (for venue purposes, public officials reside in the district in which they perform their official duties). Finally, all of the acts alleged by Plaintiff occurred in the Eastern District. Accordingly, venue is proper in the Eastern District of Oklahoma.

Although the Court may, in its discretion, transfer this matter to the proper district under 28 U.S.C. § 1406(a), the Court's discretionary authority to transfer is only the preferred resolution when it is "in the interest of justice" to do so. As discussed above, this

action is of doubtful merit for several reasons. Plaintiff's so-called civil rights action essentially seeks habeas relief although his available state court remedies remain unexhausted, his civil rights action is premature under Heck, and Plaintiff names several Defendants who are either entitled to immunity or who he has failed to make any allegation at all against. Accordingly, the undersigned finds that the interest of justice would not be furthered by a transfer of the matter to the Eastern District.

## RECOMMENDATION

It is recommended that this § 1983 action be dismissed upon filing as premature under Heck and to the extent Plaintiff's intent was to make a claim for habeas relief under § 2254, that claim is unexhausted and subject to dismissal for that reason. This recommended dismissal is without prejudice to refiling. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by January 31, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  The Clerk of Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of Defendants at fhc.docket@oag.state.ok.us.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 11th day of January, 2012.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE